UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLES,<br><br>                    Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>                    Respondent. | Case No.:  21-CV-819-GPC-WVG<br><br>**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[Doc. Nos. 5 and 8]** |

## I.  INTRODUCTION

This Report and Recommendation is submitted to the Honorable Gonzalo P. Curiel, United States District Judge, pursuant to 28 U.S.C. section 636(b)(1) and Local Civil Rule 72.1(d). On April 26, 2021, Andrew Valles ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") before this Court pursuant to 28 U.S.C. section 2254. (Doc. No. 1). On June 8, 2021, and July 19, 2021, Petitioner respectively filed the instant Motion for Stay and Abeyance and a Supplemental Motion for Stay and Abeyance ("Motions") pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. Nos. 5, 8). On August 11, 2021, Kathleen Allison

("Respondent") filed a statement of non-opposition to the Motions. (Doc. No. 9). Having reviewed the entirety of the Parties' submissions and the underlying record, the Court **RECOMMENDS** Petitioner's Motion for Stay and Abeyance and Supplemental Motion for Stay and Abeyance be **DENIED** as moot. The Court elaborates below.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2019, Petitioner was sentenced to incarceration for 13 years following his conviction of 13 felonies under California Penal Code sections 115(a), 487(a) and 186.11(a)(2), under a negotiated plea agreement, in San Diego County Superior Court. (Doc. No. 5 at 24). On April 26, 2021, Petitioner filed a federal habeas corpus petition challenging his conviction on two grounds. (Doc. No. 1). Petitioner contends (1) he had ineffective assistance of counsel and (2) the Government unlawfully induced Petitioner's guilty plea. (Doc. No. 1 at 4-5). The Court dismissed the petition without prejudice for failure to allege exhaustion of state judicial remedies and ordered Petitioner to file either an amended petition or a motion to stay the petition by June 25, 2021. (Doc. No. 3).

On June 4, 2021, Petitioner filed a state habeas corpus petition in the California Supreme Court. (Doc. No. 5 at 23-28). Petitioner alleged (1) ineffective assistance of counsel and (2) that his guilty plea "was unlawfully induced by prosecutorial misconduct." (Doc. No. 5 at 25-26). The California Supreme Court denied the petition for review on August 18, 2021[1].

On June 8, 2021, Petitioner filed a Motion to Stay Petition to completely exhaust his state court remedies. (Doc. No. 5). The Court issued an order reopening the case and setting a briefing schedule on Petitioner's Motion to Stay Petition. (Doc. No. 6). In doing so, the Court ordered Petitioner to file, no later than July 30, 2021 a Supplemental Motion to Stay to address how he satisfied the requirements for warranting a stay and abeyance

---

[1] *See* Case No. S269151, California Courts, Appellate Courts Case Information, California Supreme Court, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2350655&doc_no=S269151&request_token=NiIwLSEmTkw2WzApSCM9VEpIQFA0UDxTJSBOQz9TICAgCg%3D%3D (visited September 16, 2021).

of the case under *Rhines*. (Doc. No. 6 at 2). On July 19, 2021, Petitioner timely filed a Supplemental Motion to Stay Petition. (Doc. No. 8). On August 11, 2021, Respondent filed a Non-Opposition to Motion to Stay Petition. (Doc. No. 9). The matter is ripe for this Court's review and recommendation.

### III. STANDARD OF REVIEW

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34; *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The filing of a mixed petition renders it subject to dismissal. *Rose*, 455 U.S. at 519.

In *Rhines*, the Supreme Court carved out "limited circumstances" in which a district court may exercise its discretion to stay a mixed petition and hold it in abeyance to allow the petitioner time to fully exhaust his claims in state court. *Rhines*, at 544 U.S. 277; *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Under *Rhines*, a district court may stay and hold in abeyance a "mixed" habeas petition if: (1) the petitioner has good cause for failing to exhaust all claims; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id*. at 277-78. In the Ninth Circuit, the district court also has discretion to stay and hold in abeyance *fully* unexhausted petitions. *Mena v. Long*, 813 F.3d 907, 911-12 (9th Cir. 2016) ("we do not find the distinctions between mixed petitions and fully unexhausted petitions sufficiently meaningful to warrant different treatment").

## IV.   DISCUSSION

### A.   Exhaustion of Claim in Underlying Petition

Before analyzing whether a *Rhines* stay is warranted, the threshold issue is whether there are any state remedies available to Petitioner that would justify staying the case for exhaustion purposes. Proper exhaustion of state remedies requires a litigant to present every federal claim or issue in his petition to the California Supreme Court to ensure the court has a fair opportunity to rule on the merits. *Granberry*, 481 U.S. at 133-134; *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding exhaustion is not satisfied "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons..."). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994), cert. denied, 513 U.S. 947 (1994), *overruled on other grounds in Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Here, it is clear Petitioner has exhausted his available state remedies. Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, seeking review of the following claims: (1) "conviction obtained by plea of guilty which was unlawfully induced by prosecutorial misconduct" in violation of the First, Fifth, Sixth and Fourteenth Amendments; and (2) ineffective assistance of counsel in violation of the Sixth Amendment. (Doc. No. 5 at 25-26). Petitioner's state claims are identical to the claims set forth in the instant Petition. (Doc. No. 1 at 4-5). The California Supreme Court denied review on August 18, 2021, a decision which rendered Petitioner's claims exhausted at the state court level. Accordingly, the Court finds Petitioner has satisfied the exhaustion requirement with respect to the claims presented in the instant Petition. For this reason alone, the Court **RECOMMENDS** that Petitioner's Motion and Supplemental Motion for Stay and Abeyance be **DENIED AS MOOT**.

/ / /

/ / /

B.     *Rhines* Analysis

In addition to being moot on procedural grounds, Petitioner's Motions do not warrant a stay and abeyance based on substantive grounds under *Rhines*.

i.     **Good Cause**

Stays and abeyances pending exhaustion of claims in state court are only available where petitioner shows "good cause" for his failure to exhaust his judicial remedies. *Rhines*, 544 U.S. at 277. Neither *Rhines* nor the Ninth Circuit have precisely defined what constitutes good cause for failure to exhaust. Concurrently, the Ninth Circuit has clarified the test is less stringent than the "extraordinary circumstances" standard and turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." See *Blake*, 745 F.3d at 981-982; *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Here, Petitioner claims he satisfies the good cause standard and cites *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017) and *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) as supporting authority. (Doc. No. 8 at 1-6). Petitioner argues his lack of counsel during the habeas process and confusion regarding state filing procedures constitute good cause for his failure to exhaust his claims in state court. (Doc. No. 8 at 5-6). This Court disagrees and explains below.

As a foundational matter, neither *Dixon* nor *Pace* apply here. In *Dixon*, a pro se prisoner filed timely state and federal habeas petitions and then sought to stay his federal petition to exhaust additional ineffective assistance of trial counsel claims in state court. *Dixon*, 847 F.3d at 717. The petitioner argued he failed to exhaust those claims in his initial state habeas petitions because he "lacked the assistance of counsel" in those proceedings. *Id*. at 718. The Ninth Circuit found a *Rhines* stay was appropriate because the petitioner's lack of legal representation in his state habeas proceedings constituted "good cause" for failing to exhaust his claims. *Id*. at 721. The court reasoned a pro se petitioner "in state post-conviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Id*.

District courts have repeatedly found *Dixon* applies only when a prisoner pursues collateral relief in state court pro se and not when a pro se prisoner fails to file any state habeas petitions before bringing his claims to federal court. See *Sangurima v. Montgomery*, 2017 WL 7371168, at *7-8 (C.D. Cal. Dec. 12, 2017) (good cause for *Rhines* stay is not shown under *Dixon* where petitioner had not filed any state habeas petition and moved for stay only in response to a federal order to show cause); *Avalos v. Sherman*, 2018 WL 5304855, at *5 (C.D. Cal. Sept. 10, 2018); *Barboa v. Espinoza*, 2018 WL 6038343, at *2 (C.D. Cal. June 19, 2018). Here, Petitioner did not file any state habeas post-conviction petition before filing the instant Petition. Like *Sangurima*, Petitioner only filed a state habeas petition in response to the Court's order to requiring Petitioner to cure the pleading deficiency by filing either a first amended petition or motion to stay the petition. Thus, *Dixon* does not support Petitioner's position.

Petitioner's reliance on *Pace* is also misplaced. In *Pace,* the Supreme Court observed "a petitioner's reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good faith' for him to file in federal court." *Pace*, 544 U.S. at 416. The petitioner's confusion resulted from amendments to habeas corpus laws between the time of his conviction and the filing of his federal habeas petition. *Id*. at 410-413. Here, Petitioner alleges his "reasonable confusion" stems from his assumption that the 60-day deadline to file an appeal in state court also applies to a state habeas petition. (Doc. No. 8 at 5-6). Petitioner's position amounts to ignorance of the law, which is legally unsupported and factually dissimilar from *Pace*. This Court will not validate such argument and invite litigants to presume good cause arises from their own ignorance.

### ii. *Merits of the Unexhausted Claims*

To obtain a *Rhines* stay, "a federal habeas petitioner must establish at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d 714 at 722. To determine "whether a claim is 'plainly meritless,' the federal court [must] refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id*. (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). To

prevail, petitioner must show his counsel's performance was deficient and such performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is "outside the wide range of professionally competent assistance." *Id*. at 689. Prejudice signifies "counsel's errors were so serious as to deprive a defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

Petitioner maintains at least one of his unexhausted claims is not plainly meritless. (Doc. No. 8 at 7). He argues ineffective assistance of counsel because his trial counsel "failed to object at the state sentencing hearing knowing (1) the plea agreement had been breached, (2) his advice to his client about parole eligibility was incorrect and false, and (3) a court and judge decides whether to approve or decline a motion for postponement." (*Id*. at 7-8). Petitioner claims, the morning of the sentencing proceeding, the prosecutor revoked a "promised condition that was crucial to Petitioner accepting a plea of guilty." (*Id*. at 7). In turn, Petitioner instructed his trial counsel to request a postponement of the sentencing proceedings. His trial counsel then spoke solely with the prosecutor, who refused to discuss a change in the plea. (*Id*. at 7). Petitioner claims, if the postponement had been granted, he would have withdrawn his guilty plea and gone to trial. (*Id*. at 21).

The Court is not moved by Petitioner's arguments. First, Petitioner provides nothing more than a bare allegation of his counsel's deficient performance. Second, Petitioner fails to plead facts to show the decision reached would "reasonably likely have been different absent the errors." *Strickland*, 466 U.S. at 696. Even if trial counsel had objected and moved the court to postpone the sentencing proceedings, Petitioner offers no grounds to show the judge would have granted the request or that he would have been acquitted at trial, if given the opportunity to revoke the agreement. Finally, Petitioner fails to demonstrate his guilty plea was unlawfully induced. Petitioner baldly alleges the prosecutor coerced his plea by agreeing to not require sex offender registration only to revoke the condition minutes prior to the sentencing hearing. (Doc. No. 8 at 20-21). In

doing so, Petitioner wholly fails to address the likelihood of his success on his claim of prosecutorial misconduct. Accordingly, Petitioner does not clear the second part of the *Rhines* test.

### iii. *Absence of Intentionally Dilatory Litigation Tactics*

A petitioner seeking a stay and abeyance must show he has not been engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. Nothing in the record indicates Petitioner engaged in dilatory litigation tactics. Thus, Petitioner satisfies this third part of the *Rhines* test.

### V. CONCLUSION AND RECOMMENDATION

Although he satisfies the third part of the *Rhines* test, Petitioner fails to demonstrate good cause and that his claims are not plainly meritless under the first and second parts of the test. Accordingly, **IT IS HEREBY RECOMMENDED** that Petitioner's Motion and Supplemental Motion for Stay and Abeyance be **DENIED** as moot. **No later than December 3, 2021**, the parties may file written objections and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed and served on all parties **no later than January 7, 2022**. Failure to file objections within the specified time may waive the right to waive objections on appeal of the Court's order.

Dated: 11/2/2021

Hon. William V. Gallo
United States Magistrate Judge