UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLES,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>Respondent. | Case No.: 21-CV-819-GPC-WVG<br><br>**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS** |

**I.     INTRODUCTION**

On April 26, 2021, Andrew Valles, a state prisoner proceeding pro so, ("Petitioner") filed a writ for habeas corpus petition (initial petition") pursuant to 28 U.S.C. section 2254. (Doc. No. 1.) Petitioner alleged two grounds in support of his initial petition, namely ineffective assistance of counsel and an unlawful induced guilty plea. On January 3, 2021, Petitioner amended his initial petition after exhausting his state court remedies ("Operative Petition" or "Petition"). (Doc. No. 16.) In the Operative Petition, Petitioner claims special circumstances entitle him to equitable tolling in support of his request for habeas corpus relief. On April 25, 2022, Kathleen Allison ("Respondent") filed a Motion to Dismiss Petitioner's Amended Petition ("Motion to Dismiss"). (Doc. No. 23.) Respondent outright rejects Petitioner's claims and argues the claims are time barred. The Court has reviewed and considered Petitioner and Respondent's ("Parties") submissions and the underlying

record. Having done so, the Court RECOMMENDS Respondent's Motion to Dismiss be GRANTED.

## II.  PROCEDURAL HISTORY

On January 25, 2018, a grand jury indicted Petitioner in San Diego Superior Court on 194 counts of financially related crimes, namely conspiracy to commit grand theft and conspiracy to procure or offer false or forged instrument. (Lodgment No. 2, 103-4.) Petitioner retained David Baker ("Mr. Baker") as counsel to represent him from the preliminary hearing through sentencing. On August 27, 2018, Petitioner pled guilty to one count of conspiracy to procure false or forged instrument, one count of procuring false or forged instrument, six counts of conspiracy to commit grand theft, and five counts of grand theft, and admitted his crimes had accumulated over $500,000 of financial loss. (Lodgment No. 1, 1-3.) Consequently, on May 15, 2019, Petitioner was sentenced to 13 years in custody. Petitioner's incarceration prompted Petitioner to seek habeas corpus relief.

On April 12, 2021, Petitioner filed his initial petition for writ of habeas corpus. (Doc. No. 1, 1-19.) On May 4, 2021, the Court dismissed the initial petition with leave to amend for failure to exhaust state judicial remedies. (Doc. No. 3.) The court ordered Petitioner to amend his petition on or by June 25, 2021. *Id.* On May 26, 2021, Petitioner filed a habeas corpus petition in the California Supreme Court as well as a motion to request order to deny review of the petition. (Lodgment No. 4, 1-6.)

On June 6, 2021, Petitioner filed a Motion to Stay in this Court while his state habeas corpus petition remained pending. (Doc. No. 5.) On June 8, 2021, the Court issued an Order Reopening Case and Setting Briefing Schedule on Petitioner's Motion to Stay (Doc. No. 6). On August 11, 2021, Respondent filed a Non-Opposition to Petitioner's Motion to Stay. (Doc. No. 9.) On August 18, 2021, the California Supreme Court denied Petitioner's state petition for writ of habeas corpus. (Lodgment No. 5, 1.) On November 30, 2021, the Court issued an Order Denying Petitioner's Motion to Stay in light of the California Supreme Court's decision to deny review. (Doc. No. 14.) The Court also ordered Petitioner to file an amended petition by December 30, 2021. (*Id.*)

On January 3, 2022, Petitioner filed the Operative Petition in this matter. (Doc. No. 16.) In relevant part, the Operative Petition asserts Petitioner's guilty plea was unlawfully induced and the result of Mr. Baker's ineffective assistance. Specifically, Petitioner contends he entered a guilty plea contingent upon (1) being eligible for parole after serving three years in prison and (2) not being required to register as a sex offender[1]. (Doc. No. 1, 10.) Petitioner alleges that, during sentencing, Mr. Baker informed him neither condition would be fulfilled. Petitioner maintains he did not appeal his conviction because the deadline to do so had expired by the time he exercised due diligence for his claims presently pending before this Court.

On February 28, 2022, the Court issued an Order Requiring Response to Amended Petition and Setting Briefing Schedule (Doc. No. 18.) The Court directed Respondent to file a notice of appearance by March 14, 2022, and a responsive pleading to the amended petition by April 25, 2022. *Id.* On April 25, 2022, Respondent filed its Motion to Dismiss the Petitioner's Amended Petition. (Doc. No. 23.) On May 8, 2022, Petitioner filed his opposition to Respondent's Motion to Dismiss the Petition. (Doc. No. 25.) The Parties' submissions are now ripe for this Court's report and recommendation pursuant to 20 U.S.C. section 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d).

### III.  LEGAL STANDARD

Under 28 U.S.C. section 2254(b)(1), a petition for a writ of habeas corpus can only be heard if the petitioner has exhausted all state court remedies, there are no available state court remedies, or circumstances exist that render the process insufficient to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1).

---

[1] The Court has reviewed the entirety of the record for evidence of sex crime charges against Petitioner. In doing so, the Court notes an attachment to Petitioner's January 3, 2022 Amended Petition, where Petitioner references his challenge to a sentence that issued "circa 2004" from the Third Judicial District Court of Utah following his conviction of two counts of Class A misdemeanors for (1) lewdness involving a minor and (2) contributing to the delinquency of a child. (Doc. No. 16, 24; 43.) Apart from this document, Petitioner fails to explain how the present case regarding exclusively financial crimes implicates a requirement to register as a sex offender.

To this end, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations applicable to habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244; *see also Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Under statute 28 U.S.C. section 2244(d), a petitioner has a one-year statute of limitations from the date judgement became final to file a habeas corpus petition. 28 U.S.C. section 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

## IV.  DISCUSSION

### A. Petitioner's Amended Petition Is Not Subject to Statutory Tolling.

Under 28 U.S.C. section 2244 (d)(2), statutory tolling enables a petitioner to exhaust a post-conviction motion for review in state court without affecting the statute of limitations in a related federal action. Here, Section 2244(d) required Petitioner to file a petition for habeas corpus no later than July 15, 2020, unless (1) a State-created impediment arose, (2) a newly recognized federal constitutional right was promulgated, or (3) petitioner discovered new facts to support his claims through his exercise of due

diligence. The one-year AEDPA statute of limitations applies when there is no statutory tolling of a state habeas corpus petition. *Ramos v. Yates*, 367 Fed.Appx. 745, 746 (9th Cir. 2010). Consequently, a state petition cannot revive a federal petition once the statute of limitations has run out; in such case, statutory tolling would apply. (*Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Here, Respondent argues that Petitioner is not entitled to statutory tolling because the statute of limitations for his federal claim had run before he filed his state habeas corpus claim. (Doc. No. 23, 1-8.) The Court agrees. Judgement in the state court case became final on July 15, 2019. (Lodgment. No. 1.) Petitioner filed his state habeas corpus petition on May 26, 2021. (Lodgment. No. 4, 7.) Accordingly, Section 2244(d) required Petitioner to file a petition for habeas corpus no later than July 15, 2020, unless one of the statutory exceptions applied.

As to the first exception, Petitioner does not address whether a state-created impediment arose to prevent the timely filing of his claims. Petitioner concedes May 26, 2021, was the filing date of his state habeas corpus petition. Concurrently, Petitioner does not provide any facts regarding why he filed his state habeas corpus petition after the statute of limitations had expired. Moreover, Petitioner fails to explain how the delay in his filing was due to state-created impediments. Accordingly, the Court finds there is no basis to toll the statute of limitations under the first exception.

As to the second exception, Petitioner does not address whether a newly recognized federal constitutional right was promulgated that implicated his state habeas corpus petition. Absent a new federal constitutional right, the Court finds there is no basis to toll the statute of limitations under the second exception.

Finally, as to the third exception, Petitioner claims, by the time he exercised due diligence to discover his present claims, the time to appeal had expired as well as the statute of limitations (Doc. No. 1, 3.)  In doing so, Petitioner argues that pro se litigants are held to less stringent standards and that such standards should apply to the Operative Petition. (Doc. No. 25.) While it is true pro se litigants are afforded greater leniency than represented

litigants, the Court is not persuaded by Petitioner's citation to broad legal authority that is factually unsupported, like here. At no time are petitioners eligible for statutory tolling when the delays in filling their petitions are unreasonable. *Fryburger v. Curry*, 411 Fed.Appx. 108, 108-9 (9th Cir. 2011); *see also Evans v. Chavis*, 546 U.S. 189, 197 (2006). Here, Petitioner filed his original petition on April 12, 2021, and filed his amended petition 271 days late. (Doc. No. 23, 1-8.) Leading up to his filing date, Petitioner offers little or no insight into the specific reasons giving rise to his untimeliness. Despite Petitioner's pro se status, the filing of a petition almost one-year late amounts to an unreasonable delay given Petitioner's failure to provide any factual context demonstrating that his delay falls within the third statutory tolling exception. For this reason and those that precede it, the Court finds statutory tolling does not vindicate Petitioner's late filed petition. The Court turns to Petitioner's claim for equitable tolling.

### B. Petitioner's Amended Petition Is Not Subject to Equitable Tolling.

Equitable tolling applies where (1) a petitioner diligently litigates their case and (2) would have timely filed but for an extraordinary circumstance impeding their filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *See also Miles v. Prunty*, 187 F.3d 1104, 1107. (9th Cir. 1999); *Calderon v. United States Dist. Ct (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The Supreme Court has held that grossly negligent behavior by an attorney often needs to be accompanied by, "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" to qualify for equitable tolling. However, this test is not applicable to all cases because fact specific circumstances must be used to decide whether the petition qualifies for equitable tolling. *Holland*, 560 U.S. 631 at 649-50 (quoting *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008).).

/ / /

The petitioner has the burden of proving the existence of extraordinary circumstances, the threshold is high. *Miranda v. Castro*, 292 F.3d 1063, 1065-6 (9th Cir. 2002). At the same time, "a literal impossibility to file, however, is not required." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so"). At all times, however, "the failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence." *Canela v. Allison*, 2022 WL 2188388, at *6 (S.D. Cal. June 17, 2022) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).). In other words, "a petitioner must establish that the extraordinary circumstances caused the failure to timely file. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

Here, Petitioner argues the COVID-19 pandemic was an extraordinary circumstance that impeded his ability to timely file his Petition. Petitioner states that, between March 2020 and May or June 2021, California Governor Gavin Newsom's "stay at home" order caused the suspension of inmate programs, law library closures, and limited access to the court system. (Doc. No. 25, Exh. 1.5). Specifically, Petitioner states the law library was only open twice from March 2020-March 2021, once for fifteen minutes and once for thirty minutes. (Doc. No. 25, Exh. 1.5). Respondent discounts Petitioner's pandemic considerations and counters that equitable tolling does not apply because Petitioner has not alleged any extraordinary circumstances. (Doc. No. 23, 1-8).

As a foundational matter, there is scant legal authority analyzing whether the COVID-19 pandemic constitutes an extraordinary circumstance that merits equitable tolling of habeas corpus claims. Nonetheless, district courts within the Ninth Circuit, including this district court, have begun to address Petitioner's pandemic-related argument. Importantly, thus far, the courts agree "general claims of prison lockdowns and lack of access to the prison law library as a result of the COVID-19 pandemic alone are insufficient to amount to extraordinary circumstances" for equitable tolling purposes. *Dragasits v. Covello*, 2022 WL 207730 (S.D. Cal. Jan. 24, 2022) (citing *Shephard v. Asuncion*, 2021

WL 6496744, at *10 (C.D. Cal. Nov. 3, 2021) (finding petitioner was not entitled to equitable tolling during alleged "total lockdown" due to COVID-19 between March 2020 and August 2020) and *Sholes v. Cates*, 2021 WL 5567381, at *4 (E.D. Cal. Nov. 29, 2021) (concluding prisoner not entitled to equitable tolling during COVID outbreak which caused the law library to be closed "for months" and thereafter open with only limited access).).

Further, extraordinary circumstances due to the pandemic may be found only where a petitioner sets forth "fact-specific circumstances related to the pandemic that hindered his ability to timely file a habeas petition." *Id*. (citing *Chapman-Sexton v. United States*, 2021 WL 292027 at *3 (S.D. Ohio Jan. 28, 2021) and *Pryor v. Erdos*, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021) and concluding "Petitioner fail[ed] to provide facts to show that lack of access to the library 'actually prevented' him from filing his federal petition"); see *Rodriguez v. Fisher*, 2022 WL 2239347 (S.D. Cal. June 22, 2022) (finding "because Petitioner does not explain why COVID-19 restrictions purportedly placed upon his access to legal materials affected his ability to timely file his federal Petition only, the Court finds he is not entitled to equitable tolling for the period between March of 2020 and July of 2021"); *see also Canela v. Allison*, 2022 WL 2188388 (S.D. Cal. June 17, 2022) (finding meritless petitioner's conclusory arguments that the COVID-19 pandemic prevented him from timely filing a habeas corpus petition and that incarceration generally impedes conducting legal research for purposes of preparing such petitions).

In the instant case, the Court finds Petitioner has failed to make the fact-specific showing that pandemic-related extraordinary circumstances exist to support his equitable tolling claim. Petitioner has only repeated conclusory statements that the COVID-19 pandemic prevented him from timely filing his petition. But in doing so, Petitioner neglects to articulate any specific facts to meet his burden. In particular, Petitioner emphasizes that, for over one year, the law library was only open twice from March 2020 through March 2021, once for 15 minutes and once for 30 minutes. As noted, Section 2244(d) required Petitioner to file a petition for habeas corpus no later than July 15, 2020. Thus, there was a four-month period leading up to Petitioner's one-year filing deadline where Petitioner was

prevented from accessing the law library. At the same time, however, Petitioner had eight months prior to this four-month period to prepare his habeas corpus petition. Petitioner's Opposition to Respondent's Motion to Dismiss does not address what, if any, effort Petitioner expended to conduct legal research, synthesize the relevant factual records, and draft his substantive petition within the first eight months of the statute of limitations period. While the Court appreciates the pandemic was an unforeseen circumstance that continues to affect the legal community and beyond, boilerplate citations to the pandemic without more do not meet the rigors of the Court's extraordinary circumstances inquiry. Accordingly, the Court finds equitable tolling does not apply to Petitioner's claim here.

## V.   CONCLUSION

For the aforementioned reasons, the Court RECOMMENDS Respondent's Motion to Dismiss be GRANTED and Petitioner's Petition for Writ of Habeas Corpus be DISMISSED.

IT IS ORDERED that **no later than August 26, 2022**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed with the Court and served on all parties **no later than September 9, 2022**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 10, 2022

Hon. William V. Gallo
United States Magistrate Judge