**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW VALLES,<br><br>                                   Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>                                   Respondent. | Case No.:  21-cv-0819-GPC-WVG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING A CERTIFICATE OF APPEALABILITY** |

On April 12, 2021, Petitioner Andrew Valles ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1, Pet.)  On January 3, 2022, he filed an amended Petition.  (Dkt. No. 16.)  On April 25, 2022, Respondent filed a motion to dismiss the amended Petition as untimely.  (Dkt. No. 23.)  Petitioner filed an opposition on May 18, 2022.  (Dkt. No. 25.)  On August 11, 2022, Magistrate Judge William V. Gallo issued a report and recommendation ("R&R") granting Respondent's motion to dismiss.  (Dkt. No. 28.)  Petitioner filed an objection on August 24, 2022. (Dkt. No. 29.)  Based on the reasoning below, the Court ADOPTS the report and recommendation and GRANTS Respondent's motion to dismiss the petition for writ of habeas corpus as time barred and DENIES a certificate of appealability.

1

**Background**

2       On August 27, 2018, Petitioner plead guilty to one count of conspiracy to procure

3  or offer false or forged instrument in violation of California Penal Code ("Penal Code")

4  sections 182(a)(1)/115(a); six counts of conspiracy to commit grant theft in violation of

5  Penal Code sections 182(a)(1)/487(a); five counts of grand theft in violation of Penal

6  Code section 487(a) and one count of procuring or offering a false or forged instrument

7  in violation of Penal Code section 115.  (Dkt. No. 24-1, Lodgment No. 1.)  He also

8  admitted his crimes resulted in the loss of over $500,000 pursuant to Penal Code section

9  186.11(A)(2).  (*Id.*)  On May 15, 2019, Petitioner was sentenced to 13 years.  (Dkt. No.

10  24-3, Lodgment No. 3.)  Petitioner did not appeal his conviction and did not collaterally

11  attack his conviction.

12       Instead, Petitioner filed the instant petition for writ of habeas corpus on April 12,

13  2021[1] along with a motion for leave to proceed in forma pauperis.  (Dkt. No. 1, Pet.; Dkt.

14  No. 2.)  He alleged that his guilty plea was unlawfully induced in violation the First,

15  Fifth, Sixth and Fourteenth Amendments to the United States Constitution and he

16  received ineffective assistance of counsel in violation of the Sixth Amendment to the

17  United States Constitution.  (Dkt. No. 1, Pet.)

18       On May 4, 2021, the Court granted Petitioner's request to proceed in forma

19  pauperis and dismissed the Petition as unexhausted with leave to amend.  (Dkt. No. 3 at

20  2.[2])  In that order, the Court noted that Petitioner did not allege he raised his claims

21  before the California Supreme Court, and, in fact, he indicated he had not sought review.

22  (*Id.*)

23       On June 8, 2021, Petitioner filed a motion for stay and abeyance, and on July 19,

24

25  ───────────────

26  [1] The Court applies the mailbox rule and looks at the date the Petitioner signed his petition on April 12,
2021.  *See Butler v. Long*, 752 F.3d 1177, 1178 n. 1 (9th Cir. 2014) (citing *Houston v. Lack*, 487 U.S.

27  266 (1988) (relying on date the petitioner signed the petition assuming he turned his petition over to the
prison authorities on the same day he signed it)).

28  [2] Page numbers are based on the CM/ECF pagination.

2021, filed a supplemental motion for stay and abeyance under *Rhines v. Weber,* 544 U.S. 269 (2005).  (Dkt. Nos. 5, 8.)  In the meantime, on June 4, 2021, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court exhausting his claims.  (Dkt. No. 24-4, Lodgment No. 4.)  In that petition, he asked the California Supreme Court to either decline or deny review of his petition.  (*Id.* at 7.)  On August 18, 2021, the California Supreme Court denied the petition.  (Dkt. No. 24-5, Lodgment No. 5.)  On November 2, 2021, the Magistrate Judge issued a report and recommendation that the motion for stay and abeyance be denied as moot because Petitioner exhausted his claims with the California Supreme Court.  (Dkt. No. 12.)  Ultimately, on November 30, 2021, the Court adopted the report and recommendation denying the motion to stay and abeyance as moot and directed Petitioner to file an amended petition by December 30, 2021.  (Dkt. No. 14.)

Petitioner filed his amended Petition on December 29, 2021.  (Dkt. No. 16 at 16.)  On April 25, 2022, Respondent filed a motion to dismiss the amended Petition as barred by the one-year statute of limitations.  (Dkt. No. 23.)  Petitioner filed an opposition on May 18, 2022.  (Dkt. No. 25.)  On August 11, 2022, the Magistrate Judge filed a R&R granting Respondent's motion to dismiss as time barred.  (Dkt. No. 28.)  On August 24, 2022, Petitioner filed objections to the R&R.  (Dkt. No. 29.)

**Discussion**

**A.    Standard of Review of Report and Recommendation**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If objections are made, the Court reviews the magistrate judge's findings and recommendations *de novo*.  28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).  When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Ct.,* 501 F.2d 196, 206 (9th Cir. 1974).  Because Petitioner has filed an objection to the Magistrate Judge's Report, the Court conducts a *de*

*novo* review of the findings and recommendation.

**B.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA") imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d).  The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The statute of limitations is a threshold issue that must be resolved before the merits of individual claims.  *White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).

Respondent moves to dismiss the Petition on the ground that it is time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).  (Dkt. No. 23-1 at 3-4.)  Respondent explains that Petitioner's case became final on July 15, 2019 and he was obligated to file his Petition in this Court by July 15, 2020.  (*Id.* at 4.)  Because the Petition was not filed until April 26, 2021, it is time barred.  (*Id.*)  Further, Respondent maintains that Petitioner is not entitled to a later start date under § 2244(d)(1)(B)-(D) and not entitled to equitable tolling  (*Id.* at 4, 5-6.)  In opposition, Petitioner did not dispute that his Petition was untimely under § 2244(d)(1)(A) but

4

claimed he was entitled to a later start date on the statute of limitations under §
2244(d)(1)(B) because the California Governor's imposition of a statewide "stay at
home" order in March 2020 due to the COVID-19 pandemic was a "state impediment"
that prevented him from filing timely.  (Dkt. No. 25 at 11-12.)  He also claimed equitable
tolling applies because he demonstrated his due diligence and extraordinary
circumstances beyond his control due to the stay-at-home order imposed as a result of the
COVID-19 pandemic.  (*Id.* at 12-13.)

　　　The R&R concluded that Petitioner failed to meet any of the provisions of §
2244(d)(1)(A)-(D), that equitable tolling did not apply, and the Petition should be
dismissed as untimely.  (Dkt. No. 28.)  In his objections, Petitioner continues to argue
that § 2244(d)(1)(B) applies to make his Petition timely but modifies his argument, and
claims for the first time with new, additional documents[3], that his lack of access to the
courts due to interference with prison officials was the "state impediment" preventing
him from timely filing.  (Dkt. No. 29 at 5, 13-21.)  Further, for the first time, he argues
that § 2244(d)(1)(D) applies because he claims that he did not learn about the factual
predicate of his claim until April 6, 2021.  (Dkt. No. 29 at 7.)  Additionally, Petitioner
claims he is entitled to equitable tolling, but again modifies his argument and now claims,
for the first time, that the extraordinary circumstance beyond his control was his lack of
access to the courts interfered with by prison officials.  (*Id.* at 5, 11.)  Finally, he argues
that cause and prejudice, an exception to the statute of limitations, applies.  (*Id.* at 3, 11-
12; 23-25.)

　　　Even though Petitioner raises new arguments and evidence to support timeliness
under §§ 2244(d)(1)(A) & (D), and equitable tolling in his objections, the Court exercises
its discretion to consider them.  *See Sossa v. Diaz*, 729 F.3d 1225, 1230-31 (9th Cir.

---

[3] The new, additional documents totaling about 250 pages submitted in support of his objections include
documents that post-date the statute of limitations in this case and are not supportive to demonstrate that
he is entitled to a later start date on the statute of limitations.  (*See* Dkt. No. 29, Dkt. No. 29-1; Dkt. No.
29-2; Dkt. No. 29-3.)

2013) (because petitioner was proceeding *pro se* and making a novel claim, "district court was obligated to consider [petitioner's] new equitable tolling argument raised in his objections to the R & R. The argument was not waived and was properly preserved for our review."); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("we conclude that a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *Espinoza–Matthews v. California*, 432 F.3d 1021, 1026 n. 4 (9th Cir. 2005) ("Because [petitioner] was a pro se petitioner at all relevant times, we hold that the district court should have exercised its discretion to review the supplemental evidence that [petitioner] submitted.").

### 1.    28 U.S.C. § 2244(d)(1)(A)

Petitioner was convicted on May 15, 2019; therefore, Petitioner's judgment became final for the purposes of AEDPA on July 14, 2019, sixty days after the deadline to file an appeal. *See* Cal. R. Ct. 8.308(a); *Roberts v. Marshall*, 627 F.3d 768, 771 (9th Cir. 2010) (state court conviction became final sixty days after his conviction under Cal. R. Ct. 8.308(a)). Pursuant to § 2244(d), Petitioner had until July 14, 2020 to file a federal habeas petition. Here, Petitioner filed the original Petition on April 12, 2021 about nine months late. (Dkt. No. 1, Pet.) Therefore, his petition is not timely. The Court looks to whether the tolling provisions under §§ 2244(d)(1)(B) & (D), equitable tolling, and cause and prejudice, apply to extend the filing deadline for Petitioner.

### 2.    28 U.S.C. § 2244(d)(1)(B)

Respondent summarily asserts the original Petition was not timely filed because there were no State created impediments that barred Petitioner from filing earlier under § 2244(d)(1)(B). (Dkt. No. 23-1 at 4.) In his opposition, Petitioner maintained that the Governor of California imposed a statewide "stay at home" order due to the COVID-19 pandemic shutting down the entire state in March 2020 creating a "state impediment." (Dkt. No. 25 at 11.) Due to the shutdown, prison movement was extremely limited and inmate programs were suspended. (*Id.* at 12.) He asserts that law library was closed from March 2020 to May-June 2021 for physical prisoner access, and his right to access

to the courts was paused in favor of penological interests and the law library paging system was woefully deficit, truly unintelligible for use, and understaffed. (*Id.*) He alleges that he visited the law library twice during this period, once in July 2020 for 15 minutes and once in January 2021 for 30 mins. (*Id.*) The "stay at home" order remained in place from March 2020 to May-June 2021. (*Id.*) He claims that the "state impediment" was removed on March 8, 2021 when he was allowed to visit the law library. (*Id.* at 17.)

The R&R failed to recognize Petitioner's § 2244(d)(1)(B) argument and concluded that Petitioner did not address whether a state-created impediment arose to prevent the timely filing of his Petition and explain how the delay was due to state created impediments. (Dkt. No. 28 at 5.) Nonetheless, in his objections, Petitioner does not maintain and preserve the argument that the "stay at home" order was the "state impediment"[4] but, instead, presents a new argument that the unconstitutional "state impediment" was the violation of his constitutional right to access to the courts by prison officials' interference with his attempt to pursue legal actions. (Dkt. No. 29 at 3, 5, 13-21.)

Section 2244(d)(1)(B) delays accrual of the one year limitations period and the period "shall run from the . . . date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed[.]" 28 U.S.C. § 2244(d)(1)(B). Under § 2244(d)(1)(B), the state action must be a violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2244(d)(1)(B); *Mack v. Alves*, 578 F. Supp. 3d 154, 157 (D. Mass. Dec. 30, 2021)

---

[4] Even if the alleged state created impediment of the Governor's stay at home order or the prison official's imposition of restrictions due to the COVID 19 pandemic was still an issue, Petitioner has not shown that the alleged state impediment prevented him from timely filing as Petitioner failed to demonstrate he is entitled equitable tolling as discussed below. *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) ("[T]he district court's rejection of equitable tolling . . . constitutes an implicit rejection of [the] impediment argument."); *see also Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (To qualify for relief under § 2244(d)(1)(B) requires "higher bar than that for equitable tolling").

(statutory requirement the state-created impediment that prevented his filing his petition timely was a violation of the Constitution or laws of the United States not met where Petitioner argued that COVID-19 prevented access to the library.); *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (lockdowns for disciplinary reasons and violent outbreaks in the facility was a legitimate penological interest and not an unconstitutional impediment).  In addition, "[t]o obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition."  *Bryant v. Arizona*, 499 F.3d 1056, 1060 (9th Cir. 2007) (lack of access to case law during the relevant time period was not an impediment for purposes of statutory tolling because it did not prevent [the petitioner] from filing his petition.").  Delayed accrual is warranted pursuant to § 2244(d)(1)(B) only if the state impediment prevents a petitioner "from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original) (citation omitted) (petitioner filed three state habeas petitions to state courts during period he was in administrative segregation); *see also Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (section 2244(d)(1)(B) applies "when a petitioner has been impeded from filing a habeas petition").  The petitioner must satisfy a "higher bar than that for equitable tolling" to qualify for the relief provided under § 2244(d)(1)(B).  *Ramirez*, 571 F.3d at 1000.

In his objections, Petitioner acknowledges that the state impediment must be unconstitutional or unlawful; therefore, for the first time, modifies his position and maintains that his constitutional right to access to the courts through prison officials' interference with his attempt to pursue legal actions, has been violated.  (Dkt. No. 29 at 3, 5.)

Prisoners have a constitutional right to access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828 (1997), as long as he or she can demonstrate an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 352 (1996).  A prisoner must establish that he was denied "meaningful access to the courts" showing that the "alleged shortcomings in the library

8

or legal assistance program hindered his efforts to pursue a legal claim. *Id.* at 351. "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials must regulate the time, manner, and place in which library facilities are used." *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (quoting *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985)).

In support, Petitioner presents the following timeline as "state impediments" during the one-year period, from July 14, 2019 to July 14, 2020. (Dkt. No. 29 at 13-21.) After he was sentenced on May 15, 2019, Petitioner claims he was placed in protective custody housing at George Bailey Detention Facility ("GBDF") which does not have a law library, until June 19, 2019. (Dkt. No. 29 at 13.) When he inquired about visiting a law library, county sheriff's deputies responded "You're P.C. You have no right to law library," 2) "you are still represented by an attorney. So you are not entitled to use law library facilities," and 3) "We don't have a law library here". (*Id.*)

From June 21, 2019 to July 16, 2019, Petitioner was then transported and housed at California Institution for Men ("CIM"). (*Id.* at 15.) Upon arrival, he was placed in "sensitive needs yard", similar to protective custody, and was subject to 23.5 hours of total confinement and only permitted out for breakfast and dinner meals and outdoor recreation once every four days. (*Id.*) Every request, verbal and written, to visit the law library was rejected, ignored or laughed at. (*Id.*) He also claims he was unaware of his appeal rights or the one-year statute of limitations period and was kept in the dark while at GBDF and CIM; therefore, due to his negligence, he was unable to investigate. (*Id.* at 15, 19.)

Then, from July 18, 2019 to February 10, 2020, he was placed in federal custody.[5] On July 18, 2019, he was transported to MDC[6] Los Angeles and then subsequently to

---

[5] According to documents attached to his opposition, Petitioner was arrested, charged, plead guilty and sentenced in the United States District Court for the Southern District of New York for failing to register as a sex offender. (Dkt. No. 16, Am. Pet. at 13; Dkt. No. 25-5.)

[6] Metropolitan Detention Center

MDC Brooklyn.  (*Id.* at 17.)  He claims that at MDC Los Angeles, the electronic law library was limited to federal case law and statutes and he could not research state caselaw or statutes which he claims he needed for his Petition.[7]  (*Id.*)  While at MDC Brooklyn, the conditions were the same as MDC Los Angeles, and while the electronic law library resources were useful for his federal case, it was not as to his California state case.  (*Id.*)  He returned to CIM around February 10 or 12, 2020.  (*See id.* at 15, 17.)

When he returned to CIM, he was again subject to around the clock controlled movement that included a "total obstruction to the Law Library once again" until early July 2020.  (*Id.* at 15.)  On July 17, 2020, he was allowed to visit the law library but for only 15 minutes; however, the statute of limitations had already lapsed on July 14, 2020. (*Id.*)

As a threshold matter, during the statute of limitations period, Petitioner claims that he was unaware of the statute of limitations deadline while housed at GBDF and CIM; therefore, he was unable to investigate.  (Dkt. No. 29 at 15, 19.)  However, the Ninth Circuit has held ignorance of the law is not a reason to prevent the statute of limitations from running.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1149 (9th Cir. 2000) (*en banc*) (concurrence distinguishing between a "petitioner's knowledge of the legal basis of his claims", which does not provide a basis for tolling or an impediment to filing, and the petitioner's "knowledge of the procedural rules that must be complied with in order to get a hearing on the merits", which may provide a basis for tolling or an impediment to filing).  Therefore, in this case, Petitioner's lack of

---

[7] Petitioner also claims while in federal custody, he could not access California state court records or maintain any study notes due to his subsequent transfer to MDC Brooklyn.  (Dkt. No. 29 at 17.) However, he does not bring a failure to access his state court records as a basis for the "state impediment" under § 2244(d)(1)(B); instead, he claims that he was denied his constitutional right to access to the courts by being denied access to the law library.  (*See id*. at 13-21.)

knowledge or ignorance of the statute of limitations deadline is not a "state impediment" to filing.  *See id.*

Even if the Court accepts as true Petitioner's inability to access the law library from May 15, 2019 to July 16, 2019 and from February 10/12, 2020 to July 14, 2020 because he was in protective custody, Petitioner has not shown that he was denied access to the law library or that prison officials interfered with his right to access to the courts during the seven month period while he was in federal custody.  He, in fact, acknowledges he had access to the electronic law library, which contained only federal materials and was useful in his federal case.  (Dkt. No. 29 at 17.)

Petitioner's argument that he could not access state caselaw or statutes is not persuasive.  A habeas petition filed in federal court must comply with AEDPA, a federal statute, where in order to prevail, he must demonstrate that the state court judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  *See* 28 U.S.C. § 2254(d)(1).  Therefore, federal law applies to the claims in the Petition and because federal caselaw and statutes were available to Petitioner at the MDCs, Petitioner has not shown an unconstitutional or unlawful "state impediment" prevented him from timely filing his Petition under § 2244(d)(1)(B).

**3.     28 U.S.C. § 2244(d)(1)(D)**

Next, AEDPA provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

Respondent argues that Petitioner has known or should have known the factual predicates of his claims since at least May 15, 2019 when he was sentenced and pled guilty.  (Dkt. No. 23-1 at 4.)  In his opposition, without supporting facts or reasons why, Petitioner argues that the clock should be reset to begin either in March 2021, the earliest, April 12, 2021 or May 2021, the latest, when prison operations reopened.  (Dkt. No. 25 at 13.)  In addition, in his amended Petition, Petitioner summarily asserts that he did not

appeal his conviction because the deadline to do so had expired by the time he exercised due diligence and learned the factual predicate to his claims concerning his federal habeas claims around April 6, 2021 relying on 28 U.S.C. § 2244(d)(1)(D).  (Dkt. No. 16, Am Pet. at 7, 14-15.)

The R&R concluded that Petitioner's reasons seeking tolling under § 2244(d)(1)(D) was factually unsupported.  (Dkt. No. 28 at 5-6.)  In his objections, Petitioner summarily repeats that he did not learn about the factual predicates to support his claims until April 6, 2021.  (Dkt. No. 29 at 4-5.)  Yet, Petitioner does not provide any facts to support a basis to toll the statute of limitations under § 2244(d)(1)(D).  Thus, the Court concludes that Petitioner has failed to demonstrate an entitlement to a later start date on the statute of limitations under § 2244(d)(1)(D).  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

### 4.   Equitable Tolling

Equitable tolling of the statute of limitation is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 418 (2005)).  First, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Id.* at 653; *see also Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012).  The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Next, a petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations where "'extraordinary circumstances beyond a prisoner's control made it impossible'" to file a timely petition.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)).  A petitioner seeking equitable tolling "must show that the extraordinary circumstances were the cause of his untimeliness."  *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *see*

12

1  *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner entitled to

2  equitable tolling "since prison officials' misconduct proximately caused the late filing.").

3  A literal impossibility to file, however, is not required.  *Grant v. Swarthout*, 862 F.3d

4  914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it

5  would have technically been possible for a prisoner to file a petition," so long as the

6  prisoner "would have likely been unable to do so.").

7       "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very

8  high, lest the exceptions swallow the rule.'"  *Miranda v. Castro*, 292 F.3d 1063, 1066

9  (9th Cir. 2002) (alteration in original) (quoting *United States v. Marcello*, 212 F.3d 1005,

10  1010 (7th Cir. 2000)). "Determining whether equitable tolling is warranted is a 'fact-

11  specific inquiry.'" *Spitsyn*, 345 F.3d at 799 (quoting *Frye v. Hickman*, 273 F.3d 1144,

12  1146 (9th Cir. 2001)).

13       Respondent contends that Petitioner is not entitled to equitable tolling because he

14  has not alleged any grounds to support equitable tolling and nothing in the record

15  suggests his untimely filing of the petition was due to an extraordinary circumstance

16  beyond his control.  (Dkt. No. 23-1 at 6.)  Petitioner opposes arguing that he

17  demonstrated due diligence by having filed his petition and amended petition in this

18  Court as well as his other habeas petitions in other courts and that the "stay at home"

19  order due to the COVID 19 pandemic was an extraordinary circumstance beyond his

20  control and prevented him from timely filing his petition.  (Dkt. No. 25 at 12-13.)  He

21  claims that the one-year statute of limitations should begin either in March 2021, April

22  12, 2021, or May 2021 the latest, which is when prison operations reopened.  (*Id.* at 13.)

23       The R&R concluded that Petitioner failed to demonstrate the existence of

24  extraordinary circumstances due to general claims of prison lockdowns and lack of access

25  to the law library due to the COVID-19 pandemic.  (Dkt. No. 28 at 7-8.)  The R&R noted

26  that a petitioner must set forth specific facts related to the pandemic that hindered his

27  ability to timely file a habeas petition.  (*Id.* at 8.)  The R&R also explained that while

28  there was a four-month period when Petitioner was denied access to the law library due

to COVID 19, Petitioner failed to explain why he was not able to file a petition in the eight months prior to the lockdown. (*Id.* at 9.)

The Court agrees that Petitioner has failed to set forth facts related to the pandemic that hindered his ability to timely file a habeas petition. In the opposition, Petitioner simply asserts that the due to the Governor's statewide "stay at home" order due to the COVID-19 pandemic, prisoner movement was extremely limited, inmate programs were suspended, and the law libraries were closed to physical access from March 2020 to March 2021. (Dkt. No. 25 at 11-12.) Further, he claims that the law library paging system was "woefully deficient", unintelligible and understaffed. (*Id.*) He also summarily asserts that he acted with due diligence as demonstrated by the filing of the Petition and Amended Petition as well as his other habeas petitions[8]. (*Id.* at 12.)

A petitioner must show diligence throughout the one-year statute of limitations. *See Smith v. Davis*, 953 F.3d 582, 593 n.3 (9th Cir. 2020) ("*has been pursuing* his rights diligent" . . . "indicates a need for a petitioner to show his diligence continued up through the point of filing his habeas petition in federal court."). Courts have recognized the impediments to legal research and law library access were imposed on prisoners due to the COVID-19 pandemic but have held that petitioners must demonstrate or explain how they were diligent in pursuing their rights despite the restrictions. *See Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir. 2021) (petitioner not entitled to equitable tolling based on limited access to the law library during COVID-19 and petitioner failed to demonstrate he was pursuing his rights during the period before the COVID-19 restrictions took effect); *Mack*, 578 F. Supp. 3d at 157 (petitioner did not establish that he diligently pursued his rights during the pendency of the limitations period and unable to show "why the resources at his disposal during the pendency of those restrictions, including postal mail, were insufficient for that purpose."); *Sloan v. United States*, Case

---

[8] Petitioner merely states "other habeas petitions exhibited therein" without providing any details what he means.

No. 18-cr-40051, 2021 WL 6102164, at *3 (C.D. Ill. Dec. 23, 2021) (petitioner failed to explain why he was not able to pursue his claim prior to the COVID-19 pandemic when law library access was not limited and failed to explain any steps he took to pursue his claim while library access was limited due to COVID-19 restrictions); *United States v. Henry*, Civil No. 2:20-cv-01821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2000) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion.").

Here, the Court has already concluded that, under § 2244(d)(1)(B), Petitioner failed to demonstrate an unconstitutional or unlawful "state impediment" to support his untimely filing while he was in federal custody because he had access to the law library and relevant legal research materials. At the same time, Petitioner has not explained how he was diligent in pursuing his rights while in federal custody from July 18, 2019 to February 10, 2020, the period before the COVID-19 restrictions.[9]

Moreover, once COVID-19 restrictions were imposed in March 2020, besides complaining of the restrictions to the law library and law library paging systems, Petitioner is silent as to any actions he took to pursue and file his claims despite these restrictions. *See Vanderark v. Greene*, No. 20-1417, 2021 WL 2228059, at *3 (C.D. Ill. June 2, 2021) ("Numerous habeas petitions have been filed in this Court over the last year. . . despite limitations caused by the COVID-19 pandemic."); *Sloan*, 2021 WL 6102164, at *3 ("Notably, at no time during this pandemic have litigants been unable to file pleadings with the Court."). Therefore, Petitioner has failed to demonstrate "due diligence" in pursuing and filing his claims during the COVID-19 restrictions from March 2020 through July 14, 2020 when the one year statute of limitations expired.

---

[9] Petitioner has also not explained how he was diligent from February 10, 2020 when he returned to state custody until the COVID-19 restrictions began sometime in March 2020.

In his objections, Petitioner also raises a new argument that he was denied his right to access to the courts through inadequate facilities or assistance from prison officials which warrants equitable tolling while he was in federal custody. (Dkt. No. 29 at 10-11, 17-18, 21.)  He additionally argues, for the first time, that his trial counsel's failure or refusal to provide him with his case file created extraordinary circumstances beyond his control that delayed the filing of his habeas petition. (*Id.*)

As previously held, Petitioner failed to explain his due diligence in the pursuit of his claims and, on this basis, the Court finds that Petitioner is not entitled to equitable tolling. *See Pace*, 544 U.S. at 418 (a party seeking equitable tolling bears the burden of two elements – pursuing his rights diligently and some extraordinary circumstance stood in the way); *Chaidez v. Tilton*, No. CIV S–08–1980 JAM EFB P, 2009 WL 3048911, at *4 (E.D. Cal. Sept. 18, 2009) (because extraordinary circumstance was not demonstrated, the court declined to consider issue of diligence).

Nonetheless, even if the Court considered the second factor, Petitioner has not demonstrated extraordinary circumstances beyond his control that prevented his timely filing of a petition.  While a complete lack of access to a law library and legal materials may constitute an extraordinary circumstance that qualifies for equitable tolling, limited access does not. *See Ramirez*, 571 F.3d at 998 (recognizing that a "complete lack of access to a legal file may constitute an extraordinary circumstance" but "[o]rdinary prison limitations on [petitioner's] access to the law library" is not "extraordinary"); *Robinson v. Marshall*, 405 Fed. Appx. 241 (9th Cir. 2010) (equitable tolling claim fails because prisoner "did not demonstrate how limited access to the library was the cause of his failure to timely file his petition").

In this case, Petitioner admits he had access to the electronic law library while housed in federal detention facilities containing relevant federal legal materials from around July 18, 2019 to February 10, 2020.  In fact, all 22 of the cases relied upon by Petitioner in his attached exhibit to his original petition (ECF No. 1, Ex. B) are cases decided by the United States Supreme Court or a federal appellate court.  The Petitioner's

claim and discussion consists of a page and a half which belies the idea that limited access to the law library was the cause of Petitioner's failure to file a timely petition.  The Court concludes that Petitioner has failed to demonstrate that inadequate facilities or prison officials' interference with his access to the courts constitute extraordinary circumstance beyond his control which prevented him from filing a timely petition.

Petitioner additionally argues that if lack of access to the courts does not demonstrate extraordinary circumstances, then his attorney's misconduct by failing to provide him with his case file constitutes an extraordinary circumstance.  (Dkt. No. 29 at 21.)  He asserts that he made an in-person request for his case file on May 15, 2019, then made written requests by mail around May 20, 2019, and May 29, 2021, made a request via a New York Federal Defender on August 5, 2019, another request by email via another counsel on November 24, 2019, and then again on January 9, 2020, February 9, 2020, and March 17, 2021.  (*Id.*)  In essence, he claims that he never received his case file, yet he was able to file the Petition on April 12, 2021.  The petition itself is primarily based upon interactions between Petitioner and his defense lawyer where certain promises and representations were made and broken. Therefore, his attorney's alleged failure to provide him with his state court case file was not an extraordinary circumstance beyond his control to support equitable tolling.  In sum, Petitioner is not entitled to equitable tolling.

### 5.    Cause and Prejudice

Finally, in his objections, Petitioner raises for the first time that "cause and prejudice" that causes a "fundamental miscarriage of justice" is an exception to the statute of limitations.[10]  (Dkt. No. 29 at 3.)  Specifically, he claims that his attorney's ineffective assistance of counsel and prosecutorial misconduct in inducing his guilty plea

---

[10] Petitioner argues that the Respondent and the R&R fail to recognize "cause and prejudice" was raised in the amended Petition.  (Dkt. No. 29 at 3.)  However, the amended Petition did not raise "cause and prejudice."  (*See* Dkt. No. 16.)

constitute a fundamental miscarriage of justice, and as such, constitute cause and prejudice that should excuse his untimely filing.  (*Id.* at 11-12; 23-25.)

Petitioner improperly conflates the "cause and prejudice" exception based on a state procedural default with an exception under AEDPA's statute of limitations.  *See Hultman v. Paramo*, No. ED CV 18-1439-CJC (PLA), 2019 WL 3213731, at *4 (C.D. Cal. May 13, 2019) ("Petitioner's argument that he has shown cause and prejudice warranting an exception to the procedural bar doctrine is irrelevant to this timeliness determination . . . .").

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added).  Whether a habeas petition is procedurally barred from federal review due to a state procedural rule is a separate determination from whether the petition is timely filed under AEDPA's statute of limitations.  *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (noting the doctrine of procedural default asks whether "*federal* courts may excuse a petitioner's failure to comply with a *state court's* procedural rules, notwithstanding the state court's determination that its own rules had been violated . . . [e]quitable tolling, by contrast, asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law" (emphasis in original)); *see also Cooper v. Neven*, 641 F.3d 322, 328 (9th Cir. 2011) ("whether . . . [a federal petitioner's] claims run afoul of AEDPA's statute of limitations is a separate issue" from "the district court's procedural default findings").  Therefore, Petitioner's argument that cause and prejudice may constitute an exception to AEPDA's statute of limitations is not meritorious.

While AEDPA's statute of limitations has no "cause and prejudice" exception,

under *Schlup v. Delo*, 513 U.S. 298 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011); *see McQuiggin v. Perkins*, 569 U.S. 383, 391-396 (2013) (holding that "actual innocence gateway" to federal habeas review that applies to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995), and *House v. Bell*, 547 U.S. 518 (2006), extends to petitions that are time-barred under AEDPA). However, "[i]n order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Lee*, 653 F.3d at 937 (internal quotation marks and citation omitted). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner improperly seeks relief under the "cause and prejudice" standard instead of through the actual innocence *Schlup* gateway. However, even if he were asserting actual innocence, he has not argued that he is innocent of the underlying charges he was convicted on or provided the requisite "new reliable evidence" required for an actual innocence claim. *See Fahr v. Arizona*, No. CV-20-8114-PCT-DGC(DMF), 2021 WL 3668882, at *13 (D. Az. Mar. 16, 2021) (actual innocence provides no relief because she admitted her guilt by pleading guilty and did not provide any new reliable evidence to support actual innocence). Therefore, Petitioner has not presented a credible claim of actual innocence such that he "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Lee*, 653 F.3d at 932. Petitioner's argument seeking an exception to AEDPA's statute of limitations is without merit.

/ / /

/ / /

**C.    Certificate of Appealability**

Under AEDPA, a state petitioner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484; *see also James v. Giles,* 221 F.3d 1074, 1077 (9th Cir. 2000).  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  *Slack*, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue.  *See id.*

The Court concludes that Petitioner has not made a showing that reasonable jurors would find it debatable whether he states a valid claim of the denial of a constitutional right and whether its procedural ruling is incorrect.  Accordingly, the Court DENIES a certificate of appealability.

## Conclusion

Based on the above, the Court GRANTS Respondent's motion to dismiss the amended petition for writ of habeas corpus as time barred.  The Court also DENIES a

certificate of appealability.  The Court further DENIES Petitioner's motion to expedite ruling, filed on November 28, 2022, as moot.  (Dkt. No. 30.)  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  March 10, 2023

Hon. Gonzalo P. Curiel
United States District Judge

21-cv-0819-GPC-WVG